UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                Case No. 21-cr-40/TNM

TRISTAN CHANDLER STEVENS,

    Defendant.
_____/

## DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE

The defendant, TRISTAN CHANDLER STEVENS, by and through his undersigned counsel, moves this Court pursuant to 18 U.S.C. § 3142 to modify his conditions of release by removing the specific condition that he submit to GPS monitoring. In support, counsel states the following:

1. Mr. Stevens is before the Court charged with ten counts in the Fourth Superseding Indictment in this matter. ECF No. 102.

2. On February 10, 2021, after holding a detention hearing, U.S. Magistrate Judge Hope T. Cannon entered an order releasing Mr. Stevens and imposing the least restrictive conditions that she determined at that time would reasonably assure Mr. Stevens' appearance and the safety of the community. Those conditions included GPS monitoring. ECF No. 5. Mr. Stevens' conditions of release have not changed since that date.

3. During the detention hearing, U.S. Magistrate Judge Cannon heard evidence about the nature of Mr. Stevens' alleged conduct on January 6. She also heard evidence about Mr. Stevens' background – generally, that he has strong ties to Pensacola, Florida, where he resides; he has no criminal history; he has no ties to extremist groups; and he is a student at the University of West Florida.

4. No substantial changes have come to light since the detention hearing regarding the nature of Mr. Stevens' alleged conduct or his personal background.

5. What has changed is that Mr. Stevens is now approaching eight months of full compliance with the conditions imposed by U.S. Magistrate Judge Cannon. Counsel recently spoke with Mr. Stevens' pretrial services officer, U.S. Probation Officer Kailey Minnick, about Mr. Stevens' compliance with his conditions. Officer Minnick reported that Mr. Stevens has fully complied with every condition of release during his time on supervision. ECF Nos. 23, 48, 67. Officer Minnick further reported that she has seen no indication that Mr. Stevens intends to attempt to return to the District of Columbia.

6. Mr. Stevens' track record during his lengthy period of pretrial supervision suggests that less restrictive conditions, namely the removal of his GPS ankle monitor, would be sufficient to assure his appearance in court as well as the safety of the community.

7. The government opposes Mr. Stevens' request.

WHEREFORE, the defendant, TRISTAN CHANDLER STEVENS, respectfully requests that this Court grant his motion and amend his release order to remove the specific condition of GPS monitoring.

RESPECTFULLY SUBMITTED this 24th day of September, 2021.

/s/ Lauren Cobb
LAUREN COBB
Florida Bar No. 52022
Attorney for Defendant
3 W. Garden Street, Ste. 200
Pensacola, FL 32502
(850) 432-1418
Lauren_Cobb@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2021, I will electronically file the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

/s/ Lauren Cobb
LAUREN COBB
Florida Bar No. 52022
Attorney for Defendant
3 W. Garden Street, Ste. 200
Pensacola, FL 32502
(850) 432-1418
Lauren_Cobb@fd.org