## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

     **Plaintiff,**

**v.**                                               **Case No. 21-cr-40/TNM**

**PATRICK MCCAUGHEY III et al.,**

     **Defendant.**
_____/

## DEFENDANT'S MEMORANDUM OF LAW ON
## FELONY VIOLATIONS OF 18 U.S.C. § 111(a)

During closing argument, counsel for the government represented to the Court that Counts 14, 16, and 33, all charging Mr. Stevens with aiding and abetting a felony violation of 18 U.S.C. § 111(a)(1), were not based on a theory of assault but instead on a theory of imposing, impeding, intimidating, or interfering officers with physical contact. The undersigned argued in response that under the plain language of the statute physical contact cannot support a felony conviction unless an assault is proven. During rebuttal, counsel for the government agreed with the undersigned that an assault is required for a felony violation of 18 U.S.C. § 111(a) based on physical contact and then clarified that the government would instead proceed on a theory of imposing, impeding, intimidating, or interfering officers with the intent to commit another felony. Undersigned counsel submits that, like physical contact, the intent to commit another felony enhancement also fails without proof of an underlying assault.

According to 18 U.S.C. § 111(a), whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes a federal officer engaged in his or her official duties,

> shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

Circuits are split on whether a misdemeanor conviction under 18 U.S.C. § 111(a) stands without evidence of at least a simple assault. *Compare, e.g., United States v. Hathaway*, 318 F.3d 1001, 1008-09 (10th Cir. 2003), *and United States v. Chapman*, 528 F.3d 1215, 1219 (9th Cir. 2008) (considering the prior version of the statute and concluding that defendant "could not be convicted [under Section 111(a)(1)] unless his conduct also amounted to an assault"), *with, e.g., United States v. Gagnon,* 553 F.3d 1021, 1027 (6th Cir. 2009) ("Congress . . . used the phrase 'simple assault' as a term of art to incorporate the actions proscribed in § 111(a)(1) and § 111(a)(2)") *and United States v. Williams*, 602 F.3d 313, 317 (5th Cir. 2010) ("§ 111(a)(1) prohibits more than assault, simple or otherwise").

The difference between the prior and current versions of 18 U.S.C. § 111(a) is in the delineation between felony and misdemeanor conduct. Before its 2008 amendment, § 111(a) required that "where the acts in violation of this section constitute only simple assault, [the defendant shall] be fined under this title or imprisoned not more than one year, or both, and *in all other cases*, be fined under this title or imprisoned not more than 8 years, or both." 18 U.S.C. § 111(a) (2002).

2

The current version of 18 U.S.C. § 111(a) continues to describe a misdemeanor violation as one where "the acts in violation of this section constitute only simple assault" but replaces the phrase "all other cases" with "where such acts involve physical contact with the victim of that assault or the intent to commit another felony." *See* Court Security Improvement Act of 2007, Pub. L. No. 110–177, 121 Stat 2534. This modification reduces ambiguity by again specifically referring only to an assault. *See United States v. Wolfname*, 835 F.3d 1214, 1220 (10th Cir. 2016) (interpreting Congress' 2008 amendment of 18 U.S.C. § 111(a) as "effectively codify[ing]" *Hathaway's* definition of "all other cases" to include "any assault that involves actual physical contact or the intent to commit" certain felonies (*citing Hathaway* 318 F.3d at 1008-09)); *but see Williams*, 602 F.3d at 317, *and United States v. Stands Alone*, 11 F.4th 532 (7th Cir. 2021).

Given the plain language of the statute and its history, this Court cannot find Mr. Stevens guilty of a felony violation of 18 U.S.C. § 111(a) in Counts 14, 16, and 33 because a felony violation of 18 U.S.C. § 111(a) requires an assault, and that assault must include either physical contact or the intent to commit another felony.[1] *See* 18 U.S.C. § 111(a).

---

[1] As for the lesser included misdemeanor violation of 18 U.S.C. § 111(a), the undersigned suggests that this Court follow the Second, Ninth, and Tenth Circuits and decline to convict Mr. Stevens of a misdemeanor violation without evidence of simple assault. *See United States v. Davis*, 690 F.3d 127, 135 (2d Cir. 2012); *Hathaway*, 318 at 1008-09; *Chapman*, 528 F.3d at 1219.

RESPECTFULLY SUBMITTED this 8th day of September, 2022.

 */s/ Lauren Cobb*
LAUREN COBB
Florida Bar No. 52022
Attorney for Defendant
3 W. Garden Street, Ste. 200
Pensacola, FL 32502
(850) 432-1418
Lauren_Cobb@fd.org